**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE: SEARCH WARRANTS

Case Nos. 26-mj-205 (JFD)
26-mj-206 (JFD)
26-mj-207 (JFD)
26-mj-208 (JFD)
26-mj-209 (JFD)

**FILED UNDER SEAL**

### ORDER DENYING SEARCH WARRANT APPLICATIONS

Before the Court are five applications for search warrant by Homeland Security Special Agent Timothy Gerber. None of the five applications establish probable cause to believe that evidence of a crime will be found in the places to be searched, all of the warrant applications improperly refer the Court to material outside the search warrant application itself, and all of the warrant applications seek sealing without, however, a motion to seal or a proposed order being supplied to the Court. The applications are all DENIED.

### UNDERLYING CASE AND SEARCH WARRANT APPLICATIONS

In *United States v. Armstrong, et al.*, No. 26-cr-25 (LMP/DLM), the grand jury indicted nine defendants for allegedly conspiring to interfere with the right to religious freedom at a place of worship in violation of 18 U.S.C. § 241 (Count One) and with injuring, intimidating, and interfering with the exercise of religious freedom at a place of worship in violation of 18 U.S.C. § 248(a)(2), (b), and 2(a) (Count Two).

Turning to the search warrant applications, in 26-mj-205 (JFD), the government

1

seeks a search warrant that would authorize the search of information kept by YouTube that relates to "The Don Lemon Show." In 26-mj-206 (JFD), the government seeks a search warrant that also seeks information from YouTube, this time relating to an account of defendant Georgia Fort. 26-mj-207 (JFD) is another YouTube search warrant, this time seeking information about a YouTube account allegedly maintained by defendant William Scott Kelly. In 26-mj-208, the government seeks information from Apple about telephone number 267-294-XXXX,[1] said to belong to defendant Ian Austin; and in 26-mj-209, the government seeks a search warrant that would authorize it to seize information about telephone number 612-598-XXXX, said to be associated with defendant Nekima Levy Armstrong.

## THERE IS NO SHOWING OF PROBABLE CAUSE IN ANY OF THE FIVE SEARCH WARRANT APPLICATIONS.

Each of the search warrant applications follows the same general pattern. First, there is a short professional biography of Special Agent Gerber. This is followed by a statement that this Court has jurisdiction to issue the requested warrant. After that, there is a statement that alleges to set out probable cause. However, none of these probable cause statements actually set out probable cause. Each search warrant application concludes with a request for sealing, which is from Special Agent Gerber.

---

[1] All phone numbers have the last four digits replaced by "X" to preserve privacy. The full numbers are known to the Court and are also set out by the government in the relevant search warrant applications.

2

All five of the probable cause statements begin by using identical language to direct the reader to the indictment in this case: "Incorporated by reference to support the probable cause in this application are the factual statements detailed in that Indictment filed on January 29, 2026, for Case No. 26-cr-25." There then follow, typically, three numbered paragraphs, the first of which gives the date on which the particular defendant whose information is sought was arrested, the second of which gives the date on which that defendant was indicted, and the third of which gives the date on which a preservation request was served on the social media company from whom information is sought, such as Apple or Google. In some cases, a bit more information is provided, and those instances will be discussed at the appropriate place below in this Order.

Since the three numbered paragraphs give only dates of arrest, indictment, and service of a preservation request, they do not contribute to probable cause. As noted, the search warrant affidavits direct the reader to consult the indictment for probable cause. But search warrants are required to be self-contained wholes, capable of being evaluated on "the four corners" of the application. *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982). A direction that the reader go look up some other document and review it for probable cause is improper, and the Court would be justified in stopping its probable cause analysis at this point. In fact, if the Court had found probable cause after consulting the indictment, each defendant would have a motion to suppress that in the Court's opinion would be guaranteed success. In addition, it is the job of the government, not of the Court, to connect the facts that are claimed to constitute probable cause into a coherent narrative. In these five cases, the Court is simply directed to go read the indictment and make of it

3

what it will, without any effort at all on the government's part to explain how the facts in the indictment constitute probable cause.

In order to be thorough, the Court consulted the indictment. It found no facts at all that support probable cause.

Taking the applications up in turn, in 26-mj-205, while the indictment states that Mr. Lemon has an internet-based show called "The Don Lemon Show," here is nothing in the indictment about Mr. Lemon having a YouTube channel. But the main difficulty with this particular search warrant application, and the reason it is concerning, is for another reason. Set out in Attachment B are the items that Google is to turn over to the government and the items that the government may seize. The warrant seeks "subscriber information in any form kept," including the names of subscribers, the mailing addresses, residential addresses, business addresses, and email addresses of subscribers, the telephone numbers of subscribers, and the Internet Protocol addresses from which the "Don Lemon Show" was accessed, among other information. There is no attempt made to explain why the compilation by the government of a comprehensive index of subscribers to "The Don Lemon Show" is evidence that a crime was committed.[2] From this trove, the government may seize "[e]vidence indicating how and when the Account was accessed or used." That this information may be seized only to determine "events relating to the crime under

---

[2] It is possible that by "subscriber" the writer of the warrant application meant to refer to those, like Mr. Lemon, who interact with YouTube to have a channel. This reading would be less concerning. But this reading does not explain why Attachment B of the warrant application also refers to an "Account owner," who is presumably someone different from a subscriber. The Court believes that its reading is the more plausible.

investigation and to the Account owner" is little comfort, since subscriber information is not needed to prove or disprove the commission of a crime – indeed, it is hard to see how such information could be relevant evidence of the commission of a crime. There is no probable cause set out in search warrant application 26-mj-205.

26-mj-206 suffers from many of the same defects. There is no information at all in the indictment about defendant Georgia Fort having a YouTube channel. There is, as noted above, nothing in the search warrant application affidavit about such a YouTube channel. And again, the government seeks comprehensive subscriber information, again in order that it may seize information that relates to "the crime under investigation and to the Account owner." For the same reasons as in 26-mj-205, there is no probable cause set out in search warrant application 26-mj-206.

Search warrant application 26-mj-207 is slightly different. After the paragraph directing the reviewing judge to the indictment, this application states that on January 28, 2026, two videos were posted to YouTube channel "DaWoke Farmer." One was titled "No Rest for Demons! If you support Kristi Noem you are a demon!" and the other "Today we had the honor of protesting David Easterwood's church with Nekima Armstrong!" It seems from context that the government alleges that YouTube channel "DaWoke Farmer" is connected somehow to defendant Ian Kelly. The trouble is that nowhere in the affidavit, and nowhere in the indictment, is there even an attempt to connect Mr. Kelly to "DaWoke Farmer." Once again, all subscriber information is sought, and once again it is collected so that the government can seize information relate to "the crime under investigation" and "the Account owner." The Court also notes that the first video posted to the account "No

Rest for Demons" appears to be paradigmatic political speech protected by the First Amendment. It may be rude, it may be disrespectful, but from the title (and the title is the only information the government provides about either of these videos; no information is provided about content) there is nothing from which the Court can find that either video is relevant evidence that the account is likely to contain evidence of the commission of a crime. Search warrant application 26-mj-207 does not establish probable cause.

Ian Austin was indicted in *United States v. Armstrong, et al.* The affidavit in search warrant application 26-mj-208 states that on January 30, 2026, Mr. Austin was located and arrested by law enforcement in a Park and Ride Lot near Fort Snelling. As he was being taken into custody, the affidavit states that Mr. Austin tossed "what appeared to be a cellular phone" towards a group of people and said "don't let them get my phone." From this, the government seeks to collect information from Apple about telephone number 267-294-XXXX without, however, stating how it connected that phone number to Mr. Austin (if it did) or even that it retrieved the "apparent" cell phone that Mr. Austin tossed. Nor is there any reason to believe, even taking all the allegations in the affidavit as true, that Mr. Austin did not want his phone seized because it might contain evidence concerning Cities Church (the indictment, for one thing, is completely silent on Mr. Austin using a phone). It is equally likely that Mr. Austin did not want messages with family members to be found on his phone, or conversations with a therapist, or any of innumerable innocent reasons a citizen would not want the government going through his phone. And it is absolutely impossible for the Court to conclude that these facts, even taken as true, support the seizure of much of the information sought by this warrant – App store logs? iTunes store records?

Records of web-based access to Apple services? If any of this is remotely relevant, the government has not explained how. Search warrant application 26-mj-208 does not establish probable cause.

Finally, in search warrant application 26-mj-209, the government applies for a search warrant that will let it collect information from Apple related to telephone number 612-598-XXXX, said to be connected to defendant Nekima Levy Armstrong. There is nothing in the indictment that says anything about defendant Armstrong using a telephone. In fact, to the contrary, the indictment alleges in paragraph eight's section on "Overt Act #1" that Ms. Armstrong used two Instagram accounts to advertise the action at Cities Church on January 18, 2026. The affidavit states, in conclusory fashion, that "ARMSTRONG used the SUBJECT DEVICE to communicate with co-conspirators," (affidavit, paragraph 12) but provides nothing more, such as who she communicated with, when, or, most importantly, how the government knows this number goes with this phone. The affidavit states that the "telephone number associated with the subject device is 612-598-XXXX," but again, there is no information provided about how the government knows this. "[A] mere conclusory statement . . . gives the magistrate virtually no basis at all for making a judgment regarding probable cause. Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

## THE REQUEST FOR SEALING IS IMPROPER

Each search warrant application includes, as part of the affidavit, a request for sealing. A request for sealing is a motion and must be made by an attorney. The motion must also include a proposed order for the Court's consideration.

## CONCLUSION

For all of the foregoing reasons, none of the search warrant applications in 26-mj-205 through and including 26-mj-209 will be granted. The Clerk of Court is directed to place a copy of this Order, on a restricted basis, in each of the files for these search warrant applications. If these applications are revised and re-submitted, they must be re-submitted to the undersigned, and not to another magistrate judge.

Dated: February 24, 2026                    *s/ John F. Docherty*
                                            JOHN F. DOCHERTY
                                            United States Magistrate Judge